Filed 9/10/13  In re I.G. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re I.G., a Person Coming Under the Juvenile Court Law. | B248045 (Los Angeles County Super. Ct. No. TJ19916) |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> I.G., <br><br> Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Tamara E. Hall, Judge.  Affirmed.

Bruce G. Finebaum, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

The minor, I.G., appeals from the March 27, 2013 dispositional order. We affirm the order.

On April 5, 2012, the Los Angeles County District Attorney filed a Welfare and Institutions Code section 602 petition against the minor, then age 14. The misdemeanor petition alleged the minor possessed marijuana on school grounds in violation of Health and Safety Code section 11357, subdivision (e). On August 22, 2012, the juvenile court released the minor to his mother and placed him on informal probation for six months. On February 25, 2013, the juvenile court revoked the informal probation because of the minor's failure to comply with the probation conditions. On March 27, 2013, an adjudication hearing was held on the petition. The juvenile court heard testimony from: Dominquez High School security officer Anthony Martin; school police officer Mariano Venegas; and senior criminalist Nathan Lind from the Los Angeles County Sheriff's crime laboratory. The testimony indicated: the minor possessed marijuana; the minor asked not to be arrested and for "one more chance"; and he admitted possessing the marijuana. After the prosecution rested, the minor moved to dismiss the petition under Welfare and Institutions Code section 701.1. The motion was denied. The juvenile court sustained the petition, finding the allegations true beyond a reasonable doubt. The court declared the minor to be a ward of the court pursuant to Welfare and Institutions Code section 602. The minor was placed home on probation and ordered to comply with all probation conditions. The minor filed his notice of appeal on April 3, 2013.

We appointed counsel to represent the minor on appeal. After examination of the record, appointed appellate counsel filed an "Opening Brief" in which no issues were raised. Instead, appointed appellate counsel requested this court to independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441. (See (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284.) On July 22, 2013, we advised the minor that he had 30 days within which to personally submit any contentions or arguments he wishes us to consider. No response has been received. We have examined the entire record and are satisfied appointed appellate counsel has fully complied with his

2

responsibilities.  No argument exists favorable to the minor on appeal.  (*People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

The order under review is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:


MOSK, J.


KUMAR, J.[*]


---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3